IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRYCE EUGENE WILKINS, SR.,**

                **Petitioner,**

    v.                                              **CASE NO. 24-3150-JWL**

**STATE OF KANSAS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Bryce Eugene Wilkins, Sr., who seeks to challenge the conviction and sentence imposed upon him after a February 2022 jury trial in Shawnee County, Kansas. (Doc. 1, p. 1); *see also State v. Wilkins*, 2024 WL 748626, *1-2 (Kan. Ct. App. Feb. 23, 2024) (unpublished). It appears from the petition that Petitioner is not incarcerated at this time. (Doc. 1, p. 1.)

First, it unclear whether this Court has jurisdiction over this case. To obtain habeas corpus relief under 28 U.S.C. § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and "is determined as of the time the habeas petition is filed," *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016).

Although a "petitioner need not . . . demonstrate actual, physical custody to obtain relief," the "state-court criminal conviction" must "subject[] the petitioner to 'severe restraints on [his or

1

her] individual liberty. A restraint is severe when it is 'not shared by the public generally." *Id.* at 692-93 (citations omitted). For example, "habeas corpus [relief] is available for prisoners released on . . . parole, among other situations." *Dickey*, 664 Fed. Appx. at 693 (citations omitted). Thus, if Petitioner is—or was as of the date he filed his federal habeas petition—serving a term of postrelease supervision, he is "in custody" for jurisdictional purposes.

But if Petitioner has fully completed his sentence, including any postrelease supervision, this Court likely lacks jurisdiction. The United States Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 593 U.S. 152, 154 (2021) (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989). *See also Fulbright v. Biltort*, 336 F. Supp. 3d 1347, 1351-52 (D. Kan. Aug. 27, 2018) ("[M]erely being subject to the [Kansas Offender Registration Act] registration requirement is a collateral consequence of [the petitioner's] conviction and does not cause him to be 'in custody' for habeas purposes"). Thus, Petitioner will be directed to provide, in writing, additional information regarding whether he currently is "in custody" as required to seek federal habeas relief.

Second, Petitioner has named the State of Kansas as Respondent. (Doc. 1, p. 1.) Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Generally speaking, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). But Petitioner currently is not incarcerated.

The 1976 Advisory Committee Notes for Rule 2 explain that if "[t]he applicant is on . . . parole due to the state judgment he is attacking[, t]he named respondents shall be the particular

probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." In Kansas, the prisoner review board, which replaced Kansas' "parole board," is "administered under the supervision of the secretary or corrections," who appoints the three members of the board, all of whom "serve at the pleasure of the secretary." *See* K.S.A. 75-52,152; *see also* 2012 Kan. Laws ch. 16, § 14 (substituting "prisoner review board" for "parole board"). Thus, if Petitioner is serving a term of postrelease supervision, Jeff Zmuda appears to be a proper respondent to this action, in addition to the individual officer responsible for supervising Petitioner.

Accordingly, Petitioner is directed to advise this Court, in writing, whether he is on postrelease supervision or whether he has fully completed his sentence. If Petitioner is on postrelease supervision, he must provide the name of the officer responsible for supervising him during that term so that individual may also be added as a respondent in this matter. If Petitioner is not on postrelease supervision and has completed his sentence, he must show cause, why this matter should not be dismissed for lack of jurisdiction since he is not "in custody."

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **October 11, 2024**, to file a written response providing the information detailed herein.

**IT IS SO ORDERED.**

DATED:   This 5th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge