## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRYCE EUGENE WILKINS, SR.,**

**Petitioner,**

**v.**                                        **CASE NO. 24-3150-JWL**

**JEFF ZMUDA, ET AL.,**

**Respondents.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas prisoner Bryce Eugene Wilkins, Sr., who was convicted at a February 2022 jury trial in the District Court of Shawnee County, Kansas. (Doc. 1, p. 1); *see also State v. Wilkins*, 2024 WL 748626, *1-2 (Kan. Ct. App. Feb. 23, 2024) (unpublished), *rev. denied* July 9, 2024. The Court has now conducted the Rule 4 review of the petition and, for the reasons set forth below, will grant Petitioner time in which to show cause why this matter should not be dismissed without prejudice so that he may exhaust his arguments in state court.

### Rule 4 Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby*

1

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Analysis

### Failure to State a Claim

To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Ground One of the petition is titled "Motion for New Tr[ia]l" and asserts there was "[f]alse and misleading testimony by two of the State's witnesses." (Doc. 1, p. 5.) Ground Two asserts "Police Officer or Investigator Misconduct" based on the head investigator focusing only on Petitioner and giving false testimony. *Id.* at 7. Ground Three asserts "Prosecutorial Misconduct" based on the prosecutor's "misleading and false statement" about testimony. *Id.* at 8. As set forth in the petition, neither Ground One, Two, nor Three identify a federal constitutional provision or federal right that was violated.

As noted above, however, the Rule 4 review requires the Court to examine "the petition and any attached exhibits." Thus, the Court has considered the information in the document Petitioner filed with his petition, which the Court liberally construes as a memorandum in support of the petition for federal habeas relief. (*See* Doc. 5.) The portions of the memorandum that parallel Ground One and Ground Three of Petitioner's petition refer to the violation of Petitioner's due process rights under the Fourteenth Amendment. (Doc. 2, p. 1-3, 6-8.)

It is well-established that "[t]he Fourteenth Amendment's Due Process Clause prevents the

government from knowingly using perjured or false testimony at trial." *See Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (citing *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959)). And it is also well-established that "deliberate deception of a court and jurors by the presentation of known false evidence" may violate a criminal defendant's due process rights because is "is incompatible with 'rudimentary demands of justice.'" *See Giglio*, 405 U.S. at 153 (quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). Accordingly, the Court liberally construes Ground One and Ground Three to assert violations of Petitioner's Fourteenth Amendment right to due process. The best practice, however, is for Petitioner to expressly identify the constitutional provision or federal right at issue on the required, court-approved form petition rather than only in attached documents.

Moreover, even liberally construed, the portion of the memorandum that parallels Ground Two of Petitioner's petition for federal habeas relief does not identify a constitutional or federal right that was violated. (Doc. 2, p. 4-6.) Thus, Ground Two does not survive the required Rule 4 review because it plainly appears from the petition and memorandum that Petitioner is not entitled to relief under § 2254 on Ground Two. Ground Two is subject to summary dismissal.

**Exhaustion**

The Rule 4 review also involves determining whether the asserted grounds for federal habeas relief are properly exhausted. "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or

post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To his credit, Petitioner candidly concedes in his petition that his asserted grounds for relief have not been raised to the state appellate courts. Thus, they are unexhausted. A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). Given the information currently before this Court, none of these exceptions to the general rule requiring exhaustion apply here.

When a state prisoner includes unexhausted claims in a federal habeas petition under 28 U.S.C. § 2254 and state-court remedies remain available, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). Therefore, the next question before this Court is whether an avenue exists by which Petitioner could now make his due process arguments to the state courts. In other words, the Court must consider whether state-court remedies are available to Petitioner.

The arguments made in Grounds One and Three, which are hereinafter referred to as "the

due process arguments," are based upon what Kansas state courts often refer to as "trial errors." *See State v. Brown*, 318 Kan. 446, 447, 449 (2024) (identifying as trial errors the assertions that "witnesses for the State lied when they provided testimony at trial," "the prosecution engaged in misconduct," and "certain rulings by the trial judge were prejudicial to [the defendant's] case"). In *Bruner v. State*, 277 Kan. 603, 607 (2004), the Kansas Supreme Court explained: "Mere trial errors must be corrected by a direct appeal unless the petitioner raises trial errors affecting his or her constitutional rights and there were exceptional circumstances excusing the petitioner's failure to raise the issue in his or her direct appeal." Petitioner has already completed his direct appeal and he admittedly did not raise the due process arguments. *See Wilkins*, 2024 WL 748626, at *2.

As recognized in *Bruner*, however, an exception to the general rule that "[m]ere trial errors must be corrected by a direct appeal" exists where the trial error affects a constitutional right and exceptional circumstances excuse the failure to raise the trial error in the direct appeal. 277 Kan. at 607; *Brown*, 318 Kan. at 448-49 (noting the same exception). As noted above, Petitioner asserts that his constitutional due process rights were violated by the identified trial errors; if he can persuade the state courts of that point and also show the required exceptional circumstances, he may be able to pursue those arguments in state court via a K.S.A. 60-1507 motion.

"Exceptional circumstances have been defined as unusual events or intervening changes in the law. Ineffective assistance of counsel can qualify as an exceptional circumstance." *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 6 (2009). In the petition now before this Court, Petitioner explains that he did not raise the arguments therein to the state appellate courts because his attorney "made the decision not to appeal on these grounds." (Doc. 1, p. 6; *See also* Doc. 1, p. 7 ("It was the defense attorney['s] decision not to raise[] these grounds.") and p. 9 ("Defense attorney's decision.")). If Petitioner believes that this decision violated his Sixth Amendment right to

effective assistance of counsel[1] and he is able to persuade the Kansas courts to agree, that could be sufficient to show the required exceptional circumstance. Thus, he would be able to pursue the due process arguments in a motion brought in state-court under K.S.A. 60-1507.

This Court emphasizes that it does not offer any opinion or otherwise speculate on the potential success of a K.S.A. 60-1507 motion that makes such arguments. It only concludes that it appears that Petitioner may be able to raise his due process arguments to the state courts under K.S.A. 60-1507. Because this opportunity exists, state-court remedies remain available for the currently unexhausted claims in the federal habeas petition. This Court therefore concludes that it should dismiss this matter without prejudice so that Petitioner can pursue the available state-court remedies and exhaust his asserted grounds for relief. *See Grant*, 886 F.3d at 891-91.

## Conclusion

In summary, Ground Two of the petition fails to state a plausible claim for relief under 28 U.S.C. § 2254 because, even liberally construed, it does not allege the violation of a federal right. Grounds One and Three have not been exhausted in the state courts and it appears that Petitioner may be able to raise the arguments therein to the state courts under K.S.A. 60-1507. Petitioner therefore will be granted time in which to show cause, in writing, why this matter should not be dismissed without prejudice[2] so that he may exhaust his claims in state court. If Petitioner fails to timely respond to this order, this matter will be dismissed without further prior notice to Petitioner.

---

[1] To establish unconstitutional ineffective assistance of counsel, "a defendant must show both [(1) that his counsel's performance fell below an objective standard of reasonableness and [(2)] that the deficient performance prejudiced the defense." *United States v. Holloway*, 939 F.3d 1088, 1102 (10th Cir. 2019) (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *see also State v. Guebara*, 318 Kan. 458, 476 (2024) ("Ineffective-assistance-of-counsel claims are analyzed under the two-prong test set out in *Strickland* . . . .").

[2] A dismissal "without prejudice" is a "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). A dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including October 16, 2024, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:   This 12th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge