IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYCE EUGENE WILKINS, SR.,

                Petitioner,

      v.                                                                   CASE NO. 24-3150-JWL

JEFF ZMUDA, ET AL.,

                Respondents.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas prisoner Bryce Eugene Wilkins, Sr., who was convicted at a February 2022 jury trial in the District Court of Shawnee County, Kansas. (Doc. 1, p. 1); *see also State v. Wilkins*, 2024 WL 748626, *1-2 (Kan. Ct. App. Feb. 23, 2024) (unpublished), *rev. denied* July 9, 2024. Relief under 28 U.S.C. § 2254 is available only to state prisoners "*in custody* in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a) (emphasis added). "The custody requirement is jurisdictional," *see Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and it appeared from the petition that Petitioner is not incarcerated, so the Court issued an order directing Petitioner to provide additional information. (Doc. 3.)

Petitioner advised the Court that he is currently released on an appeal bond and is under supervision by state probation officers. (Doc. 4.) Thus, the Court concluded that Petitioner is "in custody" as that phrase is understood in the context of § 2254 and this Court has jurisdiction over this matter. (Doc. 5.) In the same memorandum and order (M&O) finding that Petitioner is in custody, the Court also construed Petitioner's "motion for new trial" as a memorandum in support of his petition and directed the clerk to alter the docket to reflect this construction. *Id.*

1

Two days later, the Court issued a memorandum and order to show cause (MOSC) identifying deficiencies in the petition that leave this matter subject to dismissal without prejudice. (Doc. 6.) Specifically, the Court explained that although Grounds One and Three could be liberally construed to assert a Fourteenth Amendment due process violation, Ground Two failed to identify a federal constitutional provision or federal right that was violated, as required for a state prisoner to state a claim for federal habeas relief. *Id.* at 2-3. The MOSC also addressed exhaustion, noting that Petitioner concedes that his asserted grounds for relief have not been raised to the state appellate courts and therefore were unexhausted. *Id.* at 3-4. The MOSC set out the circumstances under which a federal habeas court may excuse a lack of exhaustion, but concluded that the information now before this Court does not show that those circumstances exist here. *Id.* at 4. Although Kansas courts generally require arguments like those in Grounds One and Three to be raised in a direct appeal, the MOSC noted that Petitioner may still have an avenue to raise the arguments in the state courts via a motion under K.S.A. 60-1507. *Id.* at 4-6. Thus, the Court granted Petitioner time in which to show good cause, in writing, why this matter should not be dismissed without prejudice so that he may attempt to exhaust his claims in state court. *Id.* at 6-7.

Petitioner has timely filed a response to the MOSC (Doc. 8) that also addresses the Court's construction of the motion for new trial as a memorandum in support of the petition for writ of habeas corpus. He has also filed a second motion for new trial. (Doc. 7.) The Court will address both of these filings in turn, beginning with the response.

K.S.A. 60-1507 provides:

> (a) A prisoner *in custody* under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum custody authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations

2

>imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Emphasis added.)

In his response to the MOSC, Petitioner asserts that although the conditions of his appeal bond are sufficient to establish that he is "in custody" for purposes of this federal habeas matter, they are not sufficient to establish that he is "in custody" for purposes of K.S.A. 60-1507. (Doc. 8, p. 2.) Thus, Petitioner contends, K.S.A. 60-1507 does not provide an avenue for him to pursue his claims in the state courts. *Id.* at 2-3. Petitioner does not cite any legal authority for his interpretation of K.S.A. 60-1507's custody requirement, however, and the Court's independent research reflects a different definition.

Relatively recently, the Kansas Supreme Court reiterated its previous holding that "the restraints imposed by probation are sufficient to constitute custody for K.S.A. 60-1507 purposes." *State v. LaPointe*, 309 Kan. 299, 313 (2019) (citing *Miller v. State*, 200 Kan. 700, 704 (1968)). Moreover, it seems that when faced with questions of custody under K.S.A. 60-1507, the Kansas Supreme Court has long found guidance in federal courts' interpretations of the custody requirement in federal habeas statutes. *See Baier v. State*, 197 Kan. 602, 203-04 (1966). But this Court cannot act as Petitioner's advocate, so it has not conducted exhaustive research on this issue. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."). Petitioner bears the burden to show he has exhausted available state remedies. (Doc. 6, p. 4 (citing *Miranda v. Cooper*, 967 F.2d 392, 298 (10th Cir. 1992), and *Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).) Thus, the Court will grant Petitioner time in which to provide to this Court legal authority that supports his claim that his release on an appeal bond prevents him from seeking relief under K.S.A. 60-1507.

Petitioner also explains to this Court in his response some of the difficulties he and his family will face if he is incarcerated. The Court appreciates the hardship that results from incarceration, but the exhaustion requirement is not subject to an exception based on this type of circumstance. Nor is there an exception available to state prisoners who feel the constitutional errors in their trials were clear enough that they should not be required to pursue state-court remedies before seeking relief in the federal courts. (*See* Doc. 6, p. 4 (setting out exceptions to the general rule requiring exhaustion).) Thus, these arguments do not allow Petitioner to avoid the exhaustion requirement.

Next, Petitioner addresses the Court's decision to liberally construe the previously filed motion for new trial as a memorandum in support of the petition for writ of habeas corpus. (Doc. 8, p. 5.) He advises that his petition was intended to "be a 'Motion for New Trial' due to 'Prosecutor Misconduct'" and that Grounds One through Four "were all meant to be supporting evidence for a 'Motion for new Trial.'" *Id.* He asks this Court to "reconsider the Petition as what it was intended for, a 'Motion for New Trial' due to the violation of the 14th [A]mendment right of due process" or, if that is not possible, to instruct him on how to proceed *Id.* at 6.

It seems that Petitioner's dispute with the Court's construction of the motion for new trial may be a simple matter of terminology and procedure. If this Court grants the petition for writ of habeas corpus filed in this matter, it will have "broad discretion in conditioning a judgment granting habeas relief." *See Alexander v. Williams*, 641 F. Supp. 3d 1082, 1112 (D. Colo. 2022) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). The Court could order Respondent to either grant Petitioner a new trial within a certain time period or release him. *See Fontenot v. Crow*, 4 F.4th 982, 1082 (10th Cir. 2021) (affirming the district court's granting petition for federal habeas relief and ordering state prisoner's "permanent release from custody or a new trial"). In a federal

habeas matter brought under 28 U.S.C. § 2254, however, the document that seeks this relief is the petition, not an independent motion for new trial. *See* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A., foll. § 2254, Rule 2(c) ("The petition must: . . . (3) state the relief requested . . . ."). Because the petition in this matter seeks relief consisting of an order directing the state court to vacate the conviction and sentence (*see* Doc. 1, p. 15), a separate motion for new trial is redundant.

In other words, the motion for new trial seeks the same relief sought in the petition, which is why this Court construed it as providing additional support for the petition, not seeking independent relief. If the Court considers a motion for new trial in this matter, it will effectively allow Petitioner to bypass the steps set forth in the Rules Governing Section 2254 Cases in the United States District Courts and obtain the relief sought in this matter without following the required procedure. The Court will refrain from ruling on the current motion for new trial (Doc. 7)—which it is inclined to again treat as a memorandum in support of the petition—in order to give Petitioner the opportunity to present, in writing, any argument as to why the Court should consider a motion for new trial in this § 2254 matter. In the alternative, Petitioner may advise the Court, in writing, if he wishes to withdraw the motion or agrees that it should be construed as a memorandum in support of the petition.

**Conclusion**

After considering the response to this Court's September 12, 2024 Memorandum and Order to Show Cause, the Court will allow Petitioner time in which to provide the information identified in this order. Specifically, Petitioner should submit, in writing, any legal authority supporting his argument that his release on appeal bond does not satisfy the custody requirement of K.S.A. 60-1507. Petitioner should also address, in writing, the Court's explanation regarding the duplicative

nature of a motion for new trial filed in a § 2254 matter such as this. If Petitioner fails to timely respond to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including October 23, 2024, to provide, in writing, the information identified in this order.

**IT IS SO ORDERED.**

DATED:   This 23rd day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
