IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRYCE EUGENE WILKINS, SR.,**

                **Petitioner,**

     v.                                                                  **CASE NO. 24-3150-JWL**

**JEFF ZMUDA, ET AL.,**

                **Respondents.**

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas prisoner Bryce Eugene Wilkins, Sr. was dismissed on October 3, 2024, upon the granting of Petitioner's motion for voluntary dismissal. (Doc. 11.) Highly summarized, Petitioner had not yet exhausted his claims in state court and he requested—and was granted—dismissal so that he could fully exhaust his claims. *Id.* This matter comes now before the Court on Petitioner's motion to reopen. (Doc. 12.) In the motion, Petitioner advises the Court that the Shawnee County District Court has denied his K.S.A. 60-1507 motion for habeas corpus relief. *Id.* He believes that he has now exhausted his state remedies and he asks this Court to reopen this federal habeas matter. *Id.*

The online records of the state district courts reflect that Petitioner has filed in Shawnee County District Court a motion for appointment of counsel to assist him in appealing the state district court's denial of his K.S.A. 60-1507 motion. *See* Kansas District Court Public Access Portal, Shawnee County Case No. SN-2024-CV-000602, docket entry for Dec. 30, 2024.

As previously explained to Petitioner:

    Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate

1

courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

(Doc. 6, p. 3-4.)

There is no indication that Petitioner has—at this point—presented the issues raised in his K.S.A. 60-1507 motion to a state *appellate* court. Thus, the state-court remedies for these issues are no more exhausted than they were when this federal habeas matter was dismissed.

In any event, the proper procedure for seeking federal habeas relief under 28 U.S.C. § 2254—if and when Petitioner has exhausted his state-court remedies—is not to move to reopen this voluntarily dismissed case. Rather, Petitioner should begin a new case under 28 U.S.C. § 2254 by filing a complete petition for relief on the required form and either paying the filing fee or submitting a motion to proceed in forma pauperis. (*See* Doc. 6, p. 6 n. 2 ("A dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies.").) The complaint and motion to proceed in forma pauperis forms are available upon request at no cost from the clerk of this court. If Petitioner submits the documents required to begin a new case under § 2254, the clerk will then assign a case number to the new § 2254 action and the Court will conduct the required screening of the new petition.

Finally, the Court notes that Petitioner's motion to reopen includes a request for the appointment of counsel. Because the motion to reopen will be denied, the Court states only that if Petitioner files a future § 2254 action and wishes to request the appointment of counsel, he may do so, but he should do so in a motion that clearly seeks such appointment. In addition, Petitioner

is advised that there is no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994).

A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

**IT IS THEREFORE ORDERED** that the motion to reopen case (Doc. 12) is denied. This case shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 6th day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge